IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JANE DOE 2                                                                                            PLAINTIFF

V.                                                 CIVIL ACTION NO. 3:14CV28-NBB-SAA

RUST COLLEGE, SYLVESTER                                          DEFENDANTS
OLIVER, and DAVID BECKLEY,
in his official capacity as President
of Rust College

## MEMORANDUM OPINION

Presently before the court is a motion by Defendants Rust College and David Beckley to dismiss for failure to state a claim. Upon due consideration of the motion, responses, and complaint, the court is ready to rule.

## FACTS AND PROCEDURAL BACKGROUND

Plaintiff, Jane Doe 2, attended Rust College, a defendant in this action, in the early 1990s. Plaintiff performed some clerical work for Defendant, Professor Sylvester Oliver, during 1993. One afternoon, Oliver allegedly asked Plaintiff to come by his office to pick up some tapes that needed to be transcribed. Plaintiff alleges that once she arrived at his office, Oliver overpowered her, pushed her down on his desk, and raped her. Plaintiff subsequently reported the attack to an administrator at Rust College. No investigation was commenced, however; nor was Oliver disciplined. Plaintiff asserts that she became pregnant as a result of the assault though she later miscarried.

On February 14, 2014, Plaintiff filed a complaint in this court against Defendants Rust College, Sylvester Oliver, and David Beckley, the President of Rust College. Plaintiff asserts claims of violation of Title IX; negligence; negligent hiring, supervision, and retention; premises

liability; and intentional infliction of emotional distress. Defendants Rust College and David Beckley filed this motion to dismiss for failure to state a claim upon which relief can be granted.

STANDARD OF REVIEW

A complaint must contain a "short and plain statement… showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). For a plaintiff to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A motion to dismiss for failure to state a claim tests both the legal and factual sufficiency of a plaintiff's complaint. *Id.* at 679. Though motions to dismiss are "viewed with disfavor and [are] rarely granted," the burden rests on the plaintiff to prove her claim should go forward. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 497 (5th Cir. 2000). When deciding a 12(b)(6) motion, the court "must limit itself to the contents of the pleadings, including attachments thereto." *Id.* at 498.

To meet her burden, a plaintiff cannot rest merely on "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, a plaintiff must demonstrate that facts pleaded allow the court "to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. In deciding whether a plaintiff has met her burden, the court "must accept as true all of the allegations contained in a complaint," except for those allegations which are mere legal conclusions. *Ashcroft*, at 678. Any legal conclusions in a complaint must be supported by factual allegations. *Id.* Ultimately, plaintiff's complaint must "nudge his claims… across the line from conceivable to plausible." *Id.* at 680 (quoting *Twombly*, 550 U.S. at 547). "A rule 12(b)(6) motion to dismiss for failure to state a claim is the proper vehicle by which to assert a

limitations defense where a plaintiff's complaint shows affirmatively that his claims are time barred." *Doe v. Linam, et al.*, 225 F. Supp. 2d 731, 734 (S.D. Tex. 2002) (citing *Herron v. Herron*, 255 F.2d 589, 593 (5th Cir. 1958)).

## ANALYSIS

Defendants assert that dismissal of Plaintiff's claims against them is appropriate because Plaintiff's claims are time-barred. The court first addresses this argument in regard to Plaintiff's claim that Defendants violated Title IX of the Education Amendments. Rust College is a private educational institution located in Holly Springs, Mississippi. Title IX of the Education Amendments of 1972 prohibits any educational institution receiving federal financial assistance from discriminating on the basis of sex. 20 U.S.C. § 1681 *et seq.* Rust College is a recipient of federal funds and as a result is bound by Title IX. Congress, however, has not provided a statute of limitations applicable to claims brought under Title IX. The court, therefore, must "borrow" a limitations period from the most closely analogous state statute. *DelCostello v. Int'l Bhd. Of Teamsters*, 462 U.S. 151, 158 (1983). Title IX claims in Mississippi borrow the three-year general personal injury limitations period. *See Chestang v. Alcorn State University*, 820 F. Supp. 2d 772, 777 (S.D. Miss. 2011); Miss. Code Ann. § 15-1-49.

Plaintiff's claims for negligence; negligent hiring, supervision, and retention; and premises liability are also subject to Mississippi's three-year general personal injury limitations period. *See Pitt v. Watkins*, 905 So. 2d 553, 558 (Miss. 2005) (holding that § 15-1-49 applies to claims for negligence); *Carter v. Citigroup*, 938 So. 2d 809, 817 (Miss. 2006) (holding that § 15-1-49 applies to claims for negligent hiring). Plaintiff's claim for intentional infliction of emotional distress is subject to a one-year limitations period. Miss. Code Ann. § 15-1-35. *See*

*also Jones v. B.L. Development Corp.*, 940 So. 2d 961 (Miss. Ct. App. 2006) (applying § 15-1-35 to a claim for intentional infliction of emotional distress).

The conduct giving rise to this action occurred in 1993. In accordance with the applicable statutes of limitations, Plaintiff must have filed her claims for violation of Title IX; negligence; negligent hiring, supervision, and retention; and premises liability within three years — that is, by the year 1996. In accordance with the applicable limitations period for the intentional infliction of emotional distress claim, Plaintiff must have brought such claim within a year, or by the year 1994. Plaintiff, however, did not file her complaint until February 14, 2014, twenty years after the conduct occurred.

Plaintiff does not dispute the applicability of the aforementioned limitations periods. Instead, Plaintiff contends that her cause of action did not accrue in 1993 but accrued years later. Plaintiff creatively argues that her injury was not the sexual assault itself but instead the Defendants' inaction when it knew of Oliver's proclivity for assaulting young females but did nothing to prevent such conduct. In essence, Plaintiff contends the "discovery rule" should apply to these facts.[1] Similar arguments have been made and rejected in both federal and state courts. *See Doe v. St. Stephen's Episcopal School*, 302 F. App'x 386 (5th Cir. 2010); *Doe v. Roman Catholic Diocese of Jackson*, 947 So. 2d 983, 986 (Miss. Ct. App. 2006).

Accrual of a federal cause of action is a matter of federal law. *Frame v. City of Arlington*, 657 F.3d 215, 238 (5th Cir. 2011). "Accrual occurs the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Id.* At the time she was assaulted, Plaintiff was aware of her injury, the perpetrator, and the perpetrator's employer. Plaintiff also knew that Defendant had failed to act after she

---

[1] The "discovery rule", when applicable, tolls a statute of limitations, and the focus of the rule is on "the time that a plaintiff discovers, or should have discovered by the exercise of reasonable diligence, that it probably has an actionable injury." *First Trust Nat'l Ass'n v. First Nat'l Bank of Commerce*, 220 F.3d 331, 336 (5th Cir. 2000).

reported the incident to Rust College administration in 1993. Plaintiff's claim for violation of Title IX, therefore, accrued in 1993, and this claim is consequently time-barred.

In Mississippi, a cause of action "accrues when it comes into existence as an enforceable claim, that is, when the right to sue becomes vested." *Bullard v. Guardian Life Ins. Co. of America*, 941 So. 2d 812, 815 (Miss. 2006). In actions involving a latent injury, however, "the cause of action does not accrue until the plaintiff has discovered or by reasonable diligence should have discovered, the injury." Miss. Code Ann. § 15-1-49. A latent injury is present only where a plaintiff will be precluded from discovering the injury "because of the secretive or inherently undiscoverable nature of the wrongdoing" in question. *Illinois Cent. R.R. Co. v. Guy*, 682 F.3d 381, 393 (5th Cir. 2012). The discovery rule in Mississippi applies only to the discovery of the injury and is not applicable to the discovery of the *cause* of the injury. *Id.* The discovery rule does not apply in the present case because Plaintiff was aware of her injury, both the assault and Defendants' failure to act, at the time it occurred. Plaintiff was put on notice at that time to inquire as to her possible claims against Defendants. Plaintiff's state law claims accrued in 1993 and are, therefore, untimely.

## CONCLUSION

For the foregoing reasons, the court finds that Defendants' motion to dismiss for failure to state a claim is well taken and should be granted. A separate order in accordance with this opinion shall issue this day.

This, the 18th day of March, 2015.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**